**ANDREAS v. CLARK, Marshal.** *
No. 7320.

Circuit Court of Appeals, Ninth Circuit.
June 12, 1934

*Rehearing denied July 19, 1934.

James E. Fenton, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Hugh L. Dickson and Joseph John Irwin, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

The appellant, James Andreas, an Indian belonging to the Mission Tribe and living on the Torres Martinez Indian Reservation, reserved for that tribe in the Southern District of California, was indicted for violation of section 328, Federal Penal Code (18 USCA § 548), the crime of rape on a female Indian under the age of 18 years, committed on or about the 18th day of April, 1933, on the aforesaid Indian reservation, within the exclusive jurisdiction of the United States. Defendant pleaded guilty to the indictment charging the said crime, and the District Court entered its judgment sentencing him to confinement in a federal penitentiary for a term of five years.

The act of Congress under which appellant was indicted and adjudged guilty of the crime of rape as specified in the indictment is as follows:

"§ 548. (Criminal Code, section 328.) *Indians committing certain crime; acts on reservations; rape on Indian woman.* All Indians committing against the person or property of another Indian or other person any of the following crimes, namely, murder, manslaughter, rape, incest, assault with intent to kill, assault with a dangerous weapon, ar-

son, burglary, robbery, and larceny on and within any Indian reservation under the jurisdiction of the United States Government, including rights of way running through the reservation, shall be subject to the same laws, tried in the same courts, and in the same manner, and be subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States: Provided, That any Indian who commits the crime of rape upon any female Indian within the limits of any Indian reservation shall be imprisoned at the discretion of the court: Provided further, That as herein used the offense (of) rape shall be defined in accordance with the laws of the State in which the offense was committed." Section 328, as amended by Act June 28, 1932 (18 USCA § 548).

On the 23d day of June, 1933, appellant filed a petition in the same court for a writ of habeas corpus, alleging that such portion of the statute here in question which provides for imprisonment at the discretion of the court constitutes an attempt to delegate legislative power to a judicial body contrary to article 1 of the Constitution of the United States (section 1), and that therefore the petitioner is deprived of his liberty without due process of law. The judge of the District Court made an order granting the writ. Upon the return thereon the matter came on for hearing, and an order was entered denying the petition for writ of habeas corpus and remanding the petitioner to the custody of the United States marshal. From this order defendant appeals.

The only question presented to the court on this appeal is whether or not by this act (18 USCA § 548) Congress delegated to the judiciary legislative power in violation of the United States Constitution.

The constitutional validity of a particular statute is not affected merely because the statute does not expressly limit and fix the maximum penalty which may be imposed. It is sufficient if the maximum penalty is fixed by a general or related statute, such as section 457, title 18 USCA, which fixes death as the penalty for rape.

In Corpus Juris, vol. 16, at page 1351, the following language appears:

" * * * Nor does it [article 1, § 1, U. S. Constitution] preclude the legislature from leaving to the trial judge discretionary power to fix punishment, it being necessary only that the extent of the power of the court be declared by the legislature. Such a constitutional provision does not contemplate that

the minimum punishment shall be limited expressly; it is sufficient if the maximum which may be imposed thereunder is fixed in the statute; but a statute which fails to fix the maximum is unconstitutional. However a statute is not unconstitutional because it fails to limit the maximum punishment which may be imposed by the court, where there is a general statute which fixes the maximum. * * * * (Cases cited.)

In the case of Ross v. U. S., 37 F.(2d) 557, 558 (C. C. A. 4), the act commonly known as the Jones Act (27 USCA §§ 91, 92), which read in part as follows: " * * * The penalty imposed for each such offense shall be a fine not to exceed $10,000 or imprisonment not to exceed five years, or both: Provided, that it is the intent of Congress that the court, in imposing sentence hereunder, should discriminate between casual or slight violations and habitual sales of intoxicating liquor, or attempts to commercialize violations of the law * * * "—the court, in disposing of a similar attack upon the validity of the statute as that under consideration here, said:

"The contention as to the unconstitutionality of the act is based upon the argument that Congress, in declaring its intention in passing the act that the trial court in imposing sentence thereunder should discriminate between casual or slight violations and habitual sales of intoxicating liquor, or attempts to commercialize violations of the law, thereby delegated to the trial court the power of legislation. We do not think so.

"Article 1, section 1, of the Constitution of the United States, provides that:

" 'All legislative powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.'

"In Wayman v. Southard, 10 Wheat. 1, 42, 6 L. Ed. 253, Chief Justice Marshall said:

" 'It will not be contended, that congress can delegate to the courts, or to any other tribunals, powers which are strictly and exclusively legislative. But congress may certainly delegate to others, powers which the legislature may rightfully exercise itself.'

"In passing the 'Jones Act,' Congress, in increasing the maximum penalties for offenses already existing under the Volstead Act (27 USCA), merely did what it certainly had a right to do, and in declaring its intention as to the application of the law Congress did not in any way delegate a power exclusively legislative. The admonition or advice of Congress to the trial court merely left the court to decide whether or not the offense of a defendant came within the intention of Congress in the passage of the act. In every act fixing a minimum and a maximum penalty Congress leaves the trial court to fix the punishment according to the gravity of the offense."

To the same effect, McElvogue v. U. S. (C. C. A. 8) 40 F.(2d) 889. The constitutionality of the Jones Act was not affected by the fact that it only increased the maximum penalties for offenses already existing under the Volstead Act, and failed to designate the minimum fine or term of imprisonment.

 Section 457, title 18 USCA, provides that death shall be the penalty for the crime of rape, and section 548, by a proviso, mitigates the punishment that may be inflicted upon an Indian guilty of rape upon a female Indian upon a reservation to a term of imprisonment at the discretion of the court. The language and history of this section make it clear that the proviso vesting power in the court to fix the term of imprisonment was intended as amelioration of the punishment fixed by the act itself, namely, the punishment of death. It is provided in section 548 that Indians committing the crimes therein designated which includes rape within an Indian reservation, shall be punished "as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States." Punishment for rape in territory within the exclusive jurisdiction of the United States is death. The proviso authorizing the court to imprison the defendant at its discretion must be read in the light of the provision of the act which it modifies, namely, the death penalty. As was said by the Supreme Court in Cox v. Hart, 260 U. S. 427, 435, 43 S. Ct. 154, 157, 67 L. Ed. 332, "The office of a proviso is well understood. It is to except something from the operative effect, or to qualify or restrain the generality, of the substantive enactment to which it is attached."

 The rule is stated by the Supreme Court of Illinois in Re Day, 181 Ill. 73, 54 N. E. 646, 647, 50 L. R. A. 519, where, among other things, it is said of a proviso: "It is intended to qualify what is affirmed in the body of the act, section, or paragraph preceding it." Imprisonment for life or any shorter term is a less penalty than death. See Biddle, Warden, v. Perovich, 274 U. S. 480, 47 S. Ct. 664, 665, 71 L. Ed. 1161, 52 A. L. R. 832, where the Supreme Court, in dealing with the validity of commutation of sentence from death to life imprisonment made without

the consent of the prisoner, said: "By common understanding imprisonment for life is a less penalty than death." If the penalty for the crime of rape committed under the circumstances indicated was left entirely to the trial judge to be fixed as his judgment might dictate, there might be some ground for the argument that this was a delegation of legislative power, but the situation is entirely different. Congress has indicated its conception of the punishment appropriate to the crime as death, but has provided that, when the crime is committed upon an Indian girl within the reservation by an Indian, the punishment shall not be death, but shall be imprisonment. The maximum length of time for imprisonment here is life. In almost every statute punishing crime, the term of imprisonment is left to the discretion of the trial judge within the limits fixed by the Legislature. In this instance, we think it clear that the intention of Congress was that the limit should vary from life imprisonment to the least possible term of imprisonment, and within those limits the trial judge was to fix the period of imprisonment. A study of the history of this proviso confirms this conclusion. It was first introduced into the legislation of Congress January 15, 1897, by an act entitled, "An Act To reduce the cases in which the penalty of death may be inflicted." Chapter 29, 29 Stat. 487 (section 5). This statute permitted the jury, upon conviction of murder or rape, to include in their verdict the phrase, "Without capital punishment" (section 1), in which case it was provided that the prisoner convicted should be sentenced to imprisonment at hard labor for life. It was then provided that in certain cases, "When a person is convicted of any offense to which the punishment of death is now specifically affixed by the laws of the United States, he shall be sentenced to imprisonment at hard labor for life" (section 2), and it further provides, "When any person is convicted of an offense to which the punishment of death, or a lesser punishment, in the discretion of the court. is affixed, the maximum punishment shall be imprisonment at hard labor for life."

Section 5 of this act provides that any Indian who shall commit the offense of rape within the limits of any Indian reservation shall be punished by imprisonment at the discretion of the court. "So much of the ninth section of chapter three hundred and forty-one of the acts of the year eighteen hundred and eighty-five as is inconsistent herewith is herewith repealed." The section referred to which is repealed in part is section 9 (chapter 341, 23 Stat. 385). This section made a

distinction between crimes committed in territories of the United States and within the states of the United States. In the case of territories whether within or without an Indian reservation, Indians were punished according to the laws of the territory, whereas, in offenses committed within Indian reservations within states, the Indian "Shall be subject to the same laws, tried in the same courts and in the same manner, and subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States."

It follows from this legislation that the extreme penalty for rape depended upon whether it was committed within or without territories of the United States, and also upon the law of the territory in which it was committed. In some of the territories the maximum punishment was for life (Arizona) or for a given number of years (New Mexico), while within a reservation within a state the punishment was death. The repealing clause of the act of 1897 above quoted not only repealed the death penalty, but also the limitation fixed by the territorial law at a given term of years if, as we believe, the intention of Congress was to fix the maximum punishment for rape under the circumstances indicated at life imprisonment. The act of 1897 was expressly repealed by Congress in the act to revise the criminal law of the United States (chapter 321, § 341, 35 Stat. 1088, 1153) and in lieu thereof sections 328, 329, and 330 (18 USCA §§ 548, 549, 567) were enacted. Section 328 contained as a proviso the same provision we are now considering in regard to an Indian committing an offense of rape within the limits of any Indian reservation. The same proviso is found in section 329 with reference to crimes committed in South Dakota. By section 330 it is provided that "in all cases where the accused is found guilty of the crime of murder in the first degree, or rape, the jury may qualify their verdict by adding thereto 'without capital punishment'; and whenever the jury shall return a verdict qualified as aforesaid, the person convicted shall be sentenced to imprisonment for life." It is therefore manifest that the punishment for rape "within the exclusive jurisdiction of the United States where not otherwise provided" is death or life imprisonment within the discretion of the jury. We think it is clear from this that Congress intended to mitigate the punishment of death in the particular classes of rape under discussion by providing that a conviction should be "without capital punishment," and that life imprisonment should be further ameliorated

in accordance with the judgment of the trial judge. In adopting the United States Code, section 328 of the Criminal Code became section 548 of title 18 of the U. S. Code (18 USCA § 548). The provision in regard to rape committed by an Indian man upon a female Indian within the limits of an Indian reservation was incorporated, not as a proviso, but as a separate sentence. But under the general proviso of the Code the former statute would control over the change in terminology of the Code section. That is, however, not material, because in section 548 as amended June 28, 1932 (chapter 284, 47 Stat. 337 [18 USCA § 548]) it was again incorporated as a proviso. In the amendment of 1932 there is a further indication of an intention of Congress. For the first time it defined the crime of rape "in accordance with the laws of the State in which the offense was committed." In view of the fact that by statute in many of the states rape not only includes offenses which were not punishable at common law, but the age of consent has been increased to 18 years in California, and the punishment reduced so that within the discretion of the jury or the trial court imprisonment may be in the county jail for not more than a year or in the state's prison for not more than fifty years. Penal Code of California, § 261, as amended in 1913 (St. 1913, p. 212), and section 264, as amended in 1923 (St. 1923, p. 271).

■ As the statute in question fixes absolutely the maximum term for which the defendant could have been sentenced, it is manifest that a sentence for a shorter term was not prejudicial to the appellant.

■ It is further contended that the trial judge was in error in sentencing defendant to confinement in a federal penitentiary. It is argued by appellant that, inasmuch as the statute under which he was convicted (18 USCA § 548) does not specifically state that one convicted thereunder shall be confined in a penitentiary, the trial judge should have sentenced him to a county jail. The Act of Congress of May 14, 1930, § 7, 46 Stat. 326 (18 USCA § 753f) provides that:

"All persons convicted of an offense against the United States shall be committed, for such terms of imprisonment and to such types of institutions as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences of all such persons shall be served. The Attorney General may designate any available, suitable, and appropriate institutions, whether maintained by the Federal Government or otherwise or whether within or without the judicial district in which convicted. * * * "

The clarity of the language of the above-quoted statute evinces that it was the intention of Congress in passing the same that the trial judge should be invested with the power to designate the type of penal institution in which persons convicted of federal crimes should be confined. Also the same act gives to the Attorney General the right to assign or transfer the prisoner to whatever particular jail or penitentiary he may deem most expedient. See Brede v. Powers, 263 U. S. 4, 44 S. Ct. 8, 68 L. Ed. 132. Moreover, the intention of Congress that persons sentenced to terms of imprisonment of more than one year should be confined in penitentiaries rather than county jails is manifest from reading the various statutes which have been enacted in this respect from time to time, as well as from the fact that such has been the universal practice followed in the federal courts. See 26 Stat. 839 (18 USCA § 741); R. S. §§ 5541, 5542 (18 USCA § 695); 28 Stat. 957 (18 USCA § 762); 43 Stat. 724 (18 USCA § 831).

The order of the District Court is affirmed.