## WALEY v. JOHNSTON, Warden.

### No. 9512.

Circuit Court of Appeals, Ninth Circuit.

June 19, 1940.

Harmon Metz Waley, in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from an order of the court below denying appellant's petition for writ of habeas corpus. The appellant

presents the following points for review: "1. The Court erred in denying writ of habeas corpus. 2. The Court erred in not declaring statute attacked to be unconstitutional as shown. 3. The Court erred in denying petitioner law of the land." We will consider petitioner's second contention; if that falls, the others must fall.

It appears that the appellant was convicted on an undisclosed date in the District Court of the United States for the Western District of Washington and sentenced to serve a term of imprisonment of forty-five years, under the Act of June 22, 1932, 47 Stat. 326, as amended May 18, 1934, 48 Stat. 781, 18 U.S.C.A. § 408a, which reads as follows: "Whoever shall knowingly transport or cause to be transported, or aid or abet in transporting, in interstate or foreign commerce, any person who shall have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall, upon conviction, be punished (1) by death if the verdict of the jury shall so recommend, provided that the sentence of death shall not be imposed by the court if, prior to its imposition, the kidnaped person has been liberated unharmed, or (2) if the death penalty shall not apply nor be imposed the convicted person shall be punished by imprisonment in the penitentiary for such term of years as the court in its discretion shall determine: Provided, That the failure to release such person within seven days after he shall have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away shall create a presumption that such person has been transported in interstate or foreign commerce, but such presumption shall not be conclusive."

Waley argues that "Congress did not have jurisdiction to delegate to the trial court authority to legislate the amount of punishment, to-wit: '* * * as the court in its discretion may determine.'" He adds to this premise the contention that the statute does not fix the maximum penalty and that it is, by reason thereof, unconstitutional.

The appellant's arguments bring the case, in its essential particulars, to a position identical with that of Bates v. Johnston, Warden, 9 Cir., 111. F.2d 966, decided by this court May 13, 1940, and upon the authority of that case and Bailey v. United States, 10 Cir., 74 F.2d 451, 452, cited therein, must be held unavailing.

There being no basis for issuance of a writ of habeas corpus, the order of the District Court denying appellant's petition is

Affirmed.

STEPHENS, Circuit Judge (specially concurring).

I agree that the writ of habeas corpus should be denied to appellant. However, I wish to add a brief statement as to my views on the argument of appellant to the effect that the statute under which he was convicted (Sec. 408a, Title 18, U.S.C.A.) is unconstitutional in that no maximum penalty is prescribed in the law, thereby vesting legislative powers in the judiciary. In my opinion this argument of appellant has not been sufficiently answered in the majority opinion, or in the case of Bates v. Johnston, 9 Cir., 111 F.2d 966, May 13, 1940, upon which the majority base their conclusion.

In the case of Andreas v. Clark, 9 Cir., 1934, 71 F.2d 908, this court had under consideration a like attack made upon the constitutionality of Section 457, Title 18, U.S.C.A. In the cited case (71 F.2d page 909) we said: "The constitutional validity of a particular statute is not affected merely because the statute does not expressly limit and fix the maximum penalty which may be imposed. It is sufficient if the maximum penalty is fixed by a general or related statute, such as section 457, title 18 U.S.C.A., which fixes death as the penalty for rape." We held that the proviso of the statute vesting power in the court to fix the term of imprisonment of an Indian guilty of rape on a female Indian was intended as amelioration of the punishment of death fixed by the act.

The statute with which we are here concerned is analogous to that under consideration in the Andreas case, supra. The statute defines only one crime of kidnapping, and fixes the punishment of any person convicted of that crime at death, upon recommendation of the jury, provided the kidnapped person has not been liberated unharmed. In the event the jury does not recommend the death sentence, or in the event the kidnapped person has been liberated unharmed, then the penalty for the crime shall be such prison sentence as the court shall determine. I think it clear that

Congress intended to mitigate the punishment of death in the cases where the victim has been released unharmed, and where the jury does not recommend the death sentence. As we held in the Andreas case, the placing of discretion in the court as to the term of imprisonment, when the maximum penalty of death is prescribed, does not render the statute unconstitutional.