## UNITED STATES ex rel. OKENFUS v. SCHULZ, Col., CAC.

District Court, S. D. New York.
Aug. 15, 1946.

Eugene E. Lefkowitz, of New York City, for relator.

John F. X. McGohey, U. S. Atty., of New York City (John F. Ryan, Asst. U. S. Atty., of New York City, of counsel), for respondent.

RIFKIND, District Judge.

The writ of habeas corpus issued on the petition of the relator's wife to secure his release from imprisonment in the United States Disciplinary Barracks.

From the petition, the return and the argument, the following appears without dispute: The assigned reason for the detention of the relator is that he has been convicted of a violation of the 64th Article of War, 10 U.S.C.A. § 1536, and sentenced by a general court-martial. The charge was that he had wilfully disobeyed a lawful command of his superior officer.

The relator was tried by a general court-martial on November 20, 21 and 22, 1944. He was found guilty of the charge and specification, and was sentenced "To be dismissed the service; To forfeit all pay and allowances due or to become due; and To be confined at hard labor * * * for three years." On January 9, 1945, the sentence was approved by the convening authority, the Commanding General of the Air Transport Command of the India China Division. On February 2, 1945, the Commanding General, U. S. Forces, India Burma Theatre, confirmed the sentence. Thereafter, on March 26, 1945, it was confirmed by the Board of Review in the Branch Office of the Judge Advocate General with the United States Forces in the India Burma Theatre, with the concurrence of the Assistant Judge Advocate General. Articles 46, 48, 50 and 50½ of the Articles of War, 10 U.S.C.A. §§ 1517, 1519, 1521, 1522.

■■ The civil courts may not review the merits of cases tried in the military tribunals. In habeas corpus proceedings to obtain release from detention pursuant to a sentence of a court-martial, there can be no discharge if the military court (1) was duly constituted, (2) had jurisdiction over the person of the alleged offender, (3) had jurisdiction to try the offense, and (4) pronounced a sentence which the court was authorized to pronounce under the law. Johnson v. Sayre, 1895, 158 U.S. 109, 118, 15 S.Ct. 773, 39 L.Ed. 914; United States ex rel. Harris v. Daniels, 2 Cir., 1922, 279 F. 844, 846; United States ex rel. Feld v. Bullard, 2 Cir., 1923, 290 F.704, 708, certiorari denied 262 U.S. 760, 43 S.Ct. 706, 67 L.Ed. 1220.

In Matter of Yamashita, U.S., 66 S.Ct. 340, 344, the court said, in discussing military tribunals:

"In the present cases it must be recognized throughout that the military tribunals which Congress has sanctioned by the Articles of War are not courts whose rulings and judgments are made subject to review by this Court. [Cases cited.] They

are tribunals whose determinations are reviewable by the military authorities either as provided in the military orders constituting such tribunals or as provided by the Articles of War. Congress conferred on the courts no power to review their determinations save only as it has granted judicial power 'to grant writs of habeas corpus for the purpose of an inquiry into the cause of the restraint of liberty.' 28 U.S.C. §§ 451, 452, 28 U.S.C.A. §§ 451, 452. The courts may inquire whether the detention complained of is within the authority of those detaining the petitioner. If the military tribunals have lawful authority to hear, decide and condemn, their action is not subject to judicial review merely because they have made a wrong decision on disputed facts. Correction of their errors of decision is not for the courts but for the military authorities which are alone authorized to review their decisions. [cases cited.]"

■ The relator does not contend that the general court-martial was not duly constituted. The court was appointed by the Commanding Officer, India China Division, Air Transport Command, pursuant to Article 8 of the Articles of War, 10 U.S.C.A. § 1479.

At the time he was charged with violation of the 64th Article, the relator was an officer in the Army Air Corps. Consequently, he was subject to military law, pursuant to Article 2, 10 U.S.C.A. § 1473. The court had jurisdiction over the person.

The offense charged was wilful disobedience of a lawful command of a superior officer. The court had jurisdiction to try that offense. Articles 12, 16 and 64 of the Articles of War. 10 U.S.C.A. §§ 1483, 1487, 1536.

■ Having found the relator guilty of a violation of Article 64, the sentence of the court was authorized by law. 10 U.S.C.A. § 1536. This Court is not authorized to evaluate the evidence with a view to a finding, as relator contends, that if guilty at all, relator was guilty of a violation of Article 96, 10 U.S.C.A. § 1568, which authorizes a less onerous sentence.

■ Relator's contention that he was deprived of his constitutional rights to a trial by jury is without merit. The Sixth Amendment is not applicable to courts-martial. Ex parte Quirin, 1942, 317 U.S. 1, 38–40, 63 S.Ct. 1, 2, 87 L.Ed. 3.

■ Nor does this Court possess authority to examine the conduct of the trial. Any error committed in that direction is reviewable only by the military authorities through the agencies established for the purpose by law.

The writ is, therefore, dismissed and the relator remanded to the custody of the respondent.