### Ex parte CAMPO.

District Court, S. D. New York.
May 1, 1947.

Harry Kamen, of New York City, for petitioner.

John F. X. McGohey, U. S. Atty., of New York City (John F. Ryan, Ass't. U. S. Atty., of New York City, of counsel), for respondent.

GODDARD, District Judge.

The petitioner, a soldier, seeks his release by habeas corpus from imprisonment by the Army of the United States.

The assigned reason for the detention of the petitioner is that he has been convicted of two violations of the 58th Article of War, 10 U.S.C.A. § 1530, and sentenced by a general court-martial. He was charged with having deserted the service of the United States on two separate occasions.

The petitioner was tried by a court-martial on September 11, 1945, at Marseilles, France, on two separate charges. The initial charge was a violation of the 58th Article of War, the specification of the charge being that the petitioner deserted the service of the United States at or near St. Tropez, France, on or about the 12th day of September, 1944.

The other charge and specification was that the petitioner again violated the 58th Article of War by deserting at Marseilles on or about June 14, 1945.

These two charges were tried together and the petitioner was found guilty on both charges and specifications and sentenced to be dishonorably discharged, to forfeit all pay and allowances due or to become due and to be confined at hard labor for the term of his natural life. His case was reviewed by the various army reviewing authorities and affirmed. The sentence of confinement, however, has been reduced to six years by order of the Secretary of War at the direction of the President of the United States.

The petitioner now contends that the joinder of the two separate charges at a single trial was beyond the jurisdiction of the general court-martial since Article 12 of the Articles of War, 10 U.S.C.A. § 1483, relating to jurisdiction of general courts-martial refers to "crime or offense" and not crimes or offenses. He asserts that by trying the two charges at the same time he was deprived of one peremptory challenge and deprived of an additional opportunity to challenge for cause.

He further asserts that since only two-thirds of the members of the court voted for conviction and three-fourths are required to vote for sentence, it may well be that one member of the court is forced to vote on the sentence against his conscience and therefor the regulation is a violation of the First Amendment of the Constitution, being a deprivation of the member's right to freedom of religion and conscience.

In United States v. Schulz, D.C., 67 F.Supp. 528, at page 529, Judge Rifkind concisely states the extent of the power of civil courts to review the actions of military tribunals. He says:

"The civil courts may not review the merits of cases tried in the military tribunals. In habeas corpus proceedings to obtain release from detention pursuant to a sentence of a court-martial, there can be no discharge if the military court (1) was duly constituted, (2) had jurisdiction over the person of the alleged offender, (3) had jurisdiction to try the offense, and (4) pronounced a sentence which the court was authorized to pronounce under the law. [Citing cases.]"

There is no doubt that the court-martial was properly convened. The court was appointed by the Commanding General, Delta Base Section, Communications Zone, European Theatre of Operations pursuant to Article 8 of the Articles of War, 10 U.S. C.A. § 1479.

At the time the petitioner was charged with violations of the 58th Article of War, 10 U.S.C.A., § 1530, he was a soldier in the Army of the United States and subject to military law pursuant to Article 2, 10 U.S.C.A. § 1473. The court had jurisdiction over the person.

The next question is whether the court had jurisdiction to try the offenses together, for it is conceded that it had jurisdiction to try an offense charging desertion. 10 U.S.C.A. § 1530.

Both military law and procedure authorize the bringing of various charges and specifications together for trial. Opinion of the Attorney General, Vol. 22, pp. 589, 595; Carter v. McClaughry, 183 U.S. 365,

386, 22 S.Ct. 181, 46 L.Ed. 236, citing the Attorney General's opinion as authority.

If an accused is found guilty by a two-thirds vote the Manual for Courts-Martial provides that each member of the court shall vote on the sentence to be imposed regardless of his vote of guilt or innocence and the sentence must be determined by a three-fourths vote.

The petitioner complains that this procedure may compel a member to vote on the sentence irrespective of the fact that he may have voted against conviction and this may be against the member's "conscience and thereby prohibit the free exercise of his religion" in violation of the First Amendment to the Constitution of the United States. The vote on conviction and the vote for the proper sentence for the offense of which the accused had been found guilty by the court are separate steps in the proceeding before the court-martial. A vote on a proper sentence for the offense is entirely distinct from a vote on the charges. There is no inconsistency in requiring a two-thirds vote for conviction and a three-fourths vote for sentencing. Stout v. Hancock, 4 Cir., 146 F.2d 741 certiorari denied 325 U.S. 850, 65 S.Ct. 1086, 89 L.Ed. 1971; Hurse v. Caffey, D.C., 59 F.Supp. 363. Aside from this, it is doubtful if the accused may inject into his own defense the alleged violation of some other party's rights under the Constitution.

The writ is dismissed and the petitioner remanded to the custody of the respondent.