GLENN v. HODGES, Commanding General First Army, Fort Jay, N. Y.

District Court, S. D. New York.
May 14, 1948.

Andrew J. McLean, of New York City, for petitioner.

John F. X. McGohey, U. S. Atty., of New York City (John F. Ryan, Asst. U. S. Atty., of New York City, of counsel), and Bertram Schwartz, Office of First Army Judge Advocate, of New York City (Colonel John A. Hall, J. A. G. D., First Army Judge Advocate, of New York City, of counsel), for respondent.

GODDARD, District Judge.

This is a habeas corpus proceeding by which petitioner, a warrant officer, seeks

his release from imprisonment by the Army of the United States.

The petitioner, now a general prisoner of the Army, was tried before a General Court Martial convened at Leghorn, Italy, on August 22, 1947.

The petitioner was charged with a confederate with a violation of the 94th Article of War, 10 U.S.C.A. § 1566, in that he and his confederate applied to their own use some 80 bales of flannel shirts and one motor vehicle, both of which were property of the United States and furnished and intended for the military service.

The petitioner was found guilty and sentenced to be dismissed from the service and to be confined at hard labor for five years and in addition to forfeit all pay and allowance and pay a $5,000 fine. The petitioner appealed to the Army reviewing authorities and his conviction and sentence were affirmed.

This court's power to review the action of a military tribunal is limited to (1) Was the military court properly constituted; (2) did the court have jurisdiction over the person; (3) did it have jurisdiction to try the offense; (4) did it pronounce a sentence which it was authorized to pronounce? United States ex rel. Campo v. Swenson, D.C., 71 F.Supp. 543, affirmed on opinion below 2 Cir., 165 F.2d 213.

The petitioner's initial contention seems to be that the court was not properly constituted. This contention is based upon two assertions, namely—that the provisions of Article of War 70, 10 U.S.C.A. § 1542, were not complied with, in that no "thorough and impartial investigation" was made, and secondly, in that the law member of the court was not a member of the Judge Advocate General's Department, although members of the Judge Advocate General's Department were available, Article 8 of War, 10 U.S.C.A. § 1479.

This latter contention may be readily disposed of, for whether or not the Judge Advocate General's Department has officers available rests in the sound discretion of the officer who appoints the Court Martial and the provisions of Article of War 8 are merely directory and not manda-

tory. Henry v. Hodges, D.C.S.D.N.Y., 76 F.Supp. 968, Ryan, J.; Martin v. Mott, 12 Wheat. 19, 25 U.S. 19, 6 L.Ed. 537.

The pertinent provisions of Article of War 70 provides:

"No charge will be referred to a general court martial for trial until after a thorough and impartial investigation thereof shall have been made. This investigation will include inquiries as to the truth of the matter set forth in said charges, form of charges, and what disposition of the case should be made in the interest of justice and discipline. At such investigation full opportunity shall be given to the accused to cross-examine witnesses against him if they are available and to present anything he may desire in his own behalf either in defense or mitigation, and the investigating officer shall examine available witnesses requested by the accused. If the charges are forwarded after such investigation, they shall be accompanied by a statement of the substance of the testimony taken on both sides."

The petitioner asserts that a "thorough and impartial investigation" was not made in petitioner's case because the record shows that the investigating officer relied solely upon the report of the agents of the Criminal Investigation Division [C.I.D.] which was made prior to the investigating officer's appointment.

Before proceeding to dispose of this contention on its merits, it may be well to point out that the petitioner did not either on his trial or on his appeals, urge this contention as error. It was first raised upon the argument of the writ now before the court.

The Manual for Courts Martial, United States Army, 1928, as corrected up to April 20, 1943, Chapter VII, Section 35, pages 24 and 25, provides in part as follows:

"At the outset of the investigation the accused will be informed of the following: The offenses charged against him, the names of the accuser and of the witnesses, as far as then known to the investigating officer; the fact that the charges are about to be investigated; his right to cross-examine witnesses against him if they are available and to present anything he may desire

in his own behalf, either in defense or mitigation; his right to have the investigating officer examine available witnesses requested by him; and his right to make or submit a statement in any form subject to the risk of having such statement used against him. All available witnesses who appear to be reasonably necessary for a thorough and impartial investigation will be called and examined in the presence of the accused."

The Manual further provides:

"When the investigating officer makes known to the accused the substance of the testimony expected from a witness as ascertained by written statement of the witness, interview with the witness, or other similar means, and the accused states that he does not desire to cross-examine such witness, the witness need not be called even if available, * * *."

And that where an investigating officer is required to make "a formal report by endorsement or letter it will include or carry as inclosures or by reference to other papers returned or submitted by him with the report:

"First—His recommendation as to what disposition should be made of the case, and a statement of any reasonably ground for the relief that the accused is, or was at the time of an offense, mentally defective, deranged or abnormal.

"Second—A statement of the substance of the testimony taken on both sides, including any stipulated testimony, e. g. where accused withdraws a request for a witness upon being told that the testimony expected would be regarded as taken.

"Third—Any statements, documents, or other matters considered by him in reaching his conclusion or making his recommendations, or copies or the substance of such statements, etc."

■ The investigating officer submitted in accordance with his orders a formal report to the Commanding Officer, Port of Leghorn, A.P.O. 512, United States Army, embodying four enclosures. These enclosures were (1) The charge sheet; (2) The C.I.D. report of investigation; (3) the investigating officer's report on petitioner; and (4) the investigating officer's report on petitioner's confederate. In the investigating officer's report on petitioner, the officer states that he examined all the available witnesses in the presence of the accused and that the accused did not desire any of the witnesses to be interrogated, and none were interrogated. The investigating officer therefor appears to have made a thorough and impartial investigation as was required since the accused by his own voluntary act did not press for any further investigation and did not object to that which was made. See Waite v. Overlade, 7 Cir., 164 F.2d 722, 724, cert. denied 68 S.Ct. 1017.

The petitioner urges that the Henry case, supra, is directly in point. However, the facts in the Henry case differ materially from those in the present situation. In the Henry case the officer who signed the charges was also the investigating officer. In that case the accused objected at the trial to the investigating officer's appointment since he was the one who preferred the charges and who was to testify against him. Moreover, in the Henry case the record showed and the court found that the investigating officer refused to call certain witnesses who were available and whom the accused requested be called.

The brief for the petitioner herein refers to a failure of the investigating officer to produce available witnesses and records requested by the accused as a further violation of Article of War 70. But no such request or objection appears in the minutes of the court martial and in the complaint to the Inspector General on Appeal apparently prepared by petitioner's then counsel and signed by petitioner; no denial of the purported request is mentioned. If a request had actually been made and denied it is unlikely that it would not appear in the minutes and especially in the appeal papers.

I think that the "thorough and impartial investigation" required by Article of War 70 was complied with and that the Court Martial was properly constituted.

The writ is discharged and the petitioner remanded to the custody of the respondent.