### Ex parte MULVANEY.

#### No. 319.

United States District Court
D. Hawaii.

Feb. 11, 1949.

Jon Wiig, of Honolulu, T. H., for petitioner.

**744**

Ray J. O'Brien, U. S. Atty., Dist. of Hawaii, Edward A. Towse and Howard Hoddick, Asst. U. S. Attys., all of Honolulu, T. H., for respondent.

McLAUGHLIN, District Judge.

The pertinent facts in this habeas corpus proceeding are as follows:

A civilian nurse complained to the Honolulu police that upon the night of October 5, 1948, she was raped in or near Kapiolani Park, a public park in the city of Honolulu.

The police, after an investigtion, arrested Mulvaney, a chief petty officer of the United States Navy, upon the charge of having raped this complainant, and turned him over to the Navy for prosecution.

In November Mulvaney was court-martialed upon the charge of rape, with the specifications predicated upon the details of this woman's compaint to the Honolulu police. The Navy court was advised that it had jurisdiction of the charge based upon these facts under Article 22 of the Articles for the Government of the Navy, 34 U.S.C.A. § 1200, Article 22; § 122 of Navy Courts and Boards (1937); and 18 U.S.C.A. §§ 457 and 458 [now §§ 2031, 2032]. Nobody thought to inform the Navy court that old Title 18 had been repealed as of September 1, 1948, and that a new Title 18 had replaced it.

The Navy court convicted Mulvaney as charged and sentenced him to 15 years and a dishonorable discharge. The admiral who convened the court approved the court's action. As Mulvaney was not an officer, this approval made the conviction final (34 U.S.C.A. § 1200, Article 53), a subsequent review by the Secretary of Navy being a matter of grace only.

Having been "read off", Mulvaney was confined in the Marine Brig at Pearl Harbor awaiting transportation to the Mainland Navy prison, when his wife employed a civilian lawyer and petitioned this Court for a writ. The petition as amended claimed a denial of due process and lack of jurisdiction.

After an extensive hearing upon an order to show cause, reluctantly passing over (but not without sharp criticism during the hearing; see 1945 committee report to the Secretary of the Navy by Judges McGuire and Holtzoff and Colonel Snedeker, U. S. M. C.) the glaring inequities of the Navy system of Navy justice, which system nevertheless has long been held to be due process to one in the service, United States v. Hiatt, 3 Cir., 1944, 141 F.2d 664, and Hicks v. Hiatt, D.C.M.D.Pa.1946, 64 F. Supp. 238, this Court issued the writ. It did so upon the ground that upon the facts the Navy court had no jurisdiction of the substantive offense charged.

Much was made of the fact that Mulvaney's chief Navy lawyer acted as defense counsel without ever being relieved of his assignment as one of three judge advocates of the court-martial. No prejudice was shown to have resulted, and Mulvaney knew or should have known this fact before electing to go to trial with such counsel. This practice is strongly disapproved, as no man can well serve two masters, but as another officer served as prosecutor in this case, in the absence of charges and proof of conspiracy or collaboration between defense counsel and prosecutor the defect is a technical one which did not prejudice Mulvaney. So, too, of the representation made that Mulvaney was advised of his rights in such a way that he decided it would be healthier for him to have a Navy lawyer, instead of a civilian, in a Navy court. Henry v. Hodges, 2 Cir., 171 F.2d 401, L. Hand, J.

The only question here open upon the pleadings to review by this Court is whether or not the court-martial had jurisdiction of the crime charged. In re Wrublewski, D.C.D.Cal.1947, 71 F.Supp. 143; and Glenn v. Hodges, D.C.S.D.N.Y.1948, 79 F.Supp. 400.

Had this offense occurred upon a Naval reservation over which the United States had exclusive jurisdiction, upon a Naval vessel, or otherwise outside of the United States where no recognized system of law and order obtained, the Navy's jurisdiction over one of its personnel so charged would be clearer, 18 U.S.C.A. §§ 7 and 113, though not wholly free of doubt as its Articles, unlike the Army's, 10 U.S.C.A. § 1564, nowhere mention the offense of rape.

Here the only element providing a Naval color is the fact that the accused was a Navy man. Yet the sovereignty whose substantive law was allegedly transgressed was that of the Territory of Hawaii. The offense did not occur within the special maritime and territorial jurisdiction of the United States as defined by 18 U.S.C.A. § 7.

To be sure the Navy had jurisdiction over the person, Mulvaney. What it lacked was jurisdiction over the offense, and the statutory Navy court was thus without authority to convict the accused upon this charge. It is beyond question that a court must have jurisdiction of both the person and the offense in order to render a valid judgment.

Article 22 of the Navy Articles provides: "All offenses committed by persons belonging to the Navy which are not specified in the foregoing articles shall be punished as a court-martial may direct."

Contrary to the Navy's strongly and long held opinion Article 22 does not give it upon facts such as these jurisdiction of the substantive offense of rape.

If the broad sweep of this catch-all Article be not limited to undefined but readily accepted offenses which have a military significance, there is grave doubt as to the constitutionality of this tyrannical type of article. Even as limited by 18 U.S.C.A. § 7 doubt remains, as Article 22 lacks a recognizable standard of guilt.

However, recognizing that within the field of military operations it may be necessary and reasonably safe to commit a limited power of this sort to be exercised with caution in the sound discretion of the authority preferring charges and convening a court-martial, the courts have said that Article 22 may be utilized to prosecute in Navy courts Naval personnel who have committed undefined, undescribed offenses if such be sanctioned by military custom, related to, and necessary for the maintenance of military discipline. See Rosborough v. Rossell, 1 Cir., 1945, 150 F.2d 809, at pages 811, 812, and 16 Op.Atty.Gen. 578, at page 580, wherein it is said of Article 22: "This article cannot be interpreted as intending to give to a court-martial general criminal jurisdiction, but only jurisdiction over those offenses not specified by name, which are injurious to the order and discipline of the Navy, and this jurisdiction is given for the purpose of preserving that order and discipline."

Such a rule of reason would make comprehensible the prosecution in a Navy court of a Navy man charged with raping upon an exclusive military reservation or upon a Naval vessel at sea, a WAVE or other female. It, of course, does not explain why in such a clear case the Navy has in the past brought it to this Court. United States v. Carmichael et al.,[1] Cr. 9822, November 26, 1945. But it does point to why upon these facts the Navy had no jurisdiction of this alleged crime, for it is substantially devoid of military disciplinary significance.

True upon these facts the Navy might prosecute the accused upon a charge recognized to be within its jurisdiction, such as "scandalous conduct" which has a definite relation to the maintenance of discipline and good moral conduct during both liberty and duty hours. The sovereignty offended alone has the power and right to prosecute the accused for the substantive offense of rape committed within its exclusive jurisdiction. The incidental fact that the accused is a Navy man does not transfer this essential jurisdiction to the Navy courts, nor give it concurrent jurisdiction in the absence of an expression by Congress to that effect. See Army Article 93, 10 U.S.C.A. § 1565, predicating its court-martial jurisdiction over some offenses upon power over the person alone.

It is of more than mere significance that the Congress nowhere in the Navy articles gave it jurisdiction in so many words over rape. All Navy prosecutions of this offense, therefore, have to be based upon 18 U.S.C.A. §§ 7 and 113, upon facts bringing the case within the special maritime and territorial jurisdiction of the United States. While as to the Army, the Congress specifically said (Article 92, 10 U.S.C. § 1564) it

---

[1] No opinion for publication.

746

has jurisdiction of rape committed by its personnel if and only if the act be committed outside of a State or the District of Columbia. Such it seems to me supports the conclusion that Article 22—general and elastic though it be—was never intended by Congress to give the Navy jurisdiction over domestic offenses occurring within a State (or Territory—see Andres v. United States, 333 U.S. 740, at page 745, 68 S.Ct. 880) simply because the accused was a Navy man. 18 U.S.C.A. §§ 7 and 113 controls and limits Navy prosecutions for rape under Article 22.

Finding in point of law a lack of substantive jurisdiction, the court-martial sentence being final, Article 53, 34 U.S.C.A. § 1200, the writ will and has issued releasing Mulvaney from the Marine Brig only.