**POWERS v. HUNTER, Warden.**

No. 3959.

United States Court of Appeals
Tenth Circuit.

Nov. 9, 1949.

Rehearing Denied Dec. 16, 1949.

L. Berwyn Ullstrom, Denver, Colo. and E. F. Conly, Denver, Colo., for appellant.

Hugh J. McGrath, Washington, D. C., (Lester Luther, United States Attorney, Malcolm Miller, Assistant United States Attorney, Topeka, Kan., George L. Russell, Rear Admiral, U. S. Navy, and Thomas H. Humphreys, Jr., Lieutenant Commander, U. S. Navy, were with him on the brief) for appellee.

Before BRATTON and HUXMAN, Circuit Judges, and RICE, District Judge.

HUXMAN, Circuit Judge.

Petitioner, Johnie H. Powers, while serving as a sergeant in the United States Marine Corps, was convicted on March 22, 1945, by naval general court martial convened at the United States Naval Train-

ing and Distribution Center, San Francisco, California, by order of the Commandant, Twelfth Naval District and Commander, Naval Operating Base, San Francisco, California, of the offenses of (1) rape (two specifications, committed on or about September 19, 1944 and December 17, 1944), and (2) conduct to the prejudice of good order and discipline (two specifications, one being the charge of possession of a knife, and the other the use of vulgar and obscene language). Petitioner was sentenced by the court martial to be reduced to the rank of private, to be confined for the period of his natural life, to be dishonorably discharged from the United States naval service, and to suffer all the other accessories of said sentence as prescribed by § 622, Naval Courts and Boards. On April 2, 1945, the Commandant, Twelfth Naval District and Commander, Naval Operating Base, San Francisco, California, the convening authority of petitioner's general court martial, approved the proceedings, findings, and sentence of the court martial. The sentence thereupon became effective in accordance with law and in accordance with § 642, Naval Courts and Boards. The United States Naval Disciplinary Barracks, Naval Operating Base, Terminal Island, San Pedro, California, was designated as the place of confinement. On July 23, 1945, the Acting Secretary of the Navy approved the action taken by the convening authority but, under authority vested in him by Article 54(b) of the Articles for the Government of the Navy, 34 U.S.C.A. § 1200, reduced the confinement with corresponding accessories to six years. On May 1, 1945, subsequent to the transfer of petitioner to the United States Naval Disciplinary Barracks, Naval Operating Base, Terminal Island, San Pedro, California, the Chief of Naval Personnel, United States Navy Department, Washington, D. C., the officer charged by Naval Regulations with the supervision and control of naval prisons and prisoners, directed petitioner's transfer to the United States Naval Prison, Navy Yard, Mare Island, California, for "closer supervision," where he was received on May 8, 1945. On September 7, 1945, the Chief of Naval Personnel directed petitioner's transfer to the United States Penitentiary, Leavenworth, Kansas.

Thereafter, he instituted this habeas corpus proceeding in the United States District Court for the District of Kansas, First Division, seeking release on the ground that his sentence is void. The bases for these contentions are that he was convicted of the offense of rape, over which the court martial was without jurisdiction; and that naval authorities are without authority to confine petitioner in a penitentiary type institution.

Appellee takes the position that Article 22(a) of the Articles for the Government of the Navy, 34 U.S.C.A. § 1200, which provides that: "All offenses committed by persons belonging to the Navy which are not specified in the foregoing articles shall be punished as a court-martial may direct," gives it jurisdiction of the crime of rape. Appellee takes the further position that if wrong in this, then the naval court martial had jurisdiction under Article 8 of the Articles for the Government of the Navy, which provides that: "Such punishment as a court-martial may adjudge may be inflicted on any person in the Navy—First (Scandalous conduct. Who is guilty of profane swearing, * * * or any other scandalous conduct tending to the destruction of good morals; * * *." It is appellee's contention that in any event the crime of rape constitutes scandalous conduct which tends to the destruction of good morals and therefore the court had jurisdiction under this article.

Contrary to appellee's contention, Article 22(a) does not give naval courts martial general jurisdiction over all state or federal offenses not specifically enumerated in other Articles. Naval courts martial are courts of limited jurisdiction.[1] They have jurisdiction of specific offenses set out in the various articles, and under Article 22(a)

1. Runkle v. United States, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167; Collins v. McDonald, 258 U.S. 416, 42 S.Ct. 326, 66 L.Ed. 692; Rosborough v. Rossell, 1 Cir., 150 F.2d 809; Ex Parte Mulvaney, D.C., 82 F.Supp. 743.

of "such crimes as are not specified, but which have been recognized to be crimes and offenses by the usages in the navy of all nations." Dynes v. Hoover, 61 U.S. 65, 82, 15 L.Ed. 838.[2] The Mulvaney case cited in footnote two, apparently is the only case which has held that a navy court martial did not have jurisdiction of the substantive offense of rape under Article 22 (a).

◼ There is much to be said for appellee's contention that in any event the offense of rape as laid in charge one constitutes an offense under Article 8 which makes scandalous conduct tending to the destruction of good morals an offense. We think it is clear, however, that the court martial proceeded upon the theory that it had jurisdiction of the substantive offense of rape. But the jurisdiction of the court does not depend upon the theory of the parties but upon the facts pleaded.[3] Forcible rape committed upon female members of the armed forces, especially during time of war, would certainly constitute scandalous conduct tending to the destruction of good morals within the armed forces. It would seem that good pleading should have prompted those responsible for the filing of the charges to have identified the Article under which the charge was laid. But that goes to the question of good pleading and not to the jurisdiction of the court martial over the offense, and is not a question that may be raised by habeas corpus.

◼ However, in any event, the two specifications of charge two are sufficient to sustain the jurisdiction of the court. The first specification charged appellant with willfully, knowingly, and without permission from proper authority, having in his possession a knife with a blade about 12 inches in length, in violation of the orders and regulations of the navy. The second

charged him with willfully and knowingly using vulgar and obscene language toward a member of the Women's Naval Reserve, setting out specifically the language used. Clearly the court had jurisdiction of the offenses charged in these two specifications, and since a single sentence of six years was imposed it is valid unless it violated the due process clause of the Constitution. Amend. 5. For reasons subsequently appearing, we do not think it so offends.

◼ It is next urged that Article 22(a) is void in that it does not fix the penalty but delegates this legislative function to the military court. The Article, so far as material, provides that offenses falling therein "shall be punished as a court-martial may direct." It is true that no maximum or specific penalty is provided therein. But this in itself is not fatal if the permissible limitations are established by reference to other statutes or regulations. It is sufficient if the maximum penalty is fixed by relation to a general or a related statute.[4] Article 50 of the Articles for the Government of the Navy, provides that: "No person shall be sentenced by a court-martial to suffer death, except by the concurrence of two-thirds of the members present, and in the cases where such punishment is expressly provided in these articles." Article 51 provides that: "It shall be the duty of a court-martial, in all cases of conviction, to adjudge a punishment adequate to the nature of the offense; * * *." This Article is general and contains no limitation as to the extent of sentence that may be imposed thereunder. Considering it alone, it could be construed as authorizing the imposition of death, but when we relate it back to Article 50, which limits the power of a court martial to impose the death sentence to those cases in which the statute expressly fixes the death penalty, it becomes obvious that the maximum sentence which can be imposed in other cases, is less than

2. See also Smith v. Whitney, 116 U.S. 167, 6 S.Ct. 570, 29 L.Ed. 601; Rosborough v. Rossell, 1 Cir., 150 F.2d 809; Ex Parte Mulvaney, D.C., 82 F.Supp. 743.

3. Moore v. Chesapeake & O. Ry. Co., 291 U.S. 205, 210, 54 S.Ct. 402, 78 L.Ed. 755; Pacific Electric Ry. Co. v. Los Angeles, 194 U.S. 112, 118, 24 S.Ct. 586, 48 L.Ed. 896; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 77 L.Ed. 1062.

4. Andreas v. Clark, 9 Cir., 71 F.2d 908; Waley v. Johnston, 9 Cir., 112 F.2d 749.

death, or at most life imprisonment. In determining whether Article 22(a) fixes a maximum sentence, we must relate it to Article 50. Doing this, it becomes clear that there is a maximum provided in such Article beyond which a court martial may go and that the maximum is life imprisonment. The phrase "as a court-martial may direct" in 22(a) gives it authority to impose a sentence up to and including life imprisonment.

 While the jurisdiction of civil courts in habeas corpus proceedings in military cases is generally limited to the questions of the jurisdiction of the court martial, whether that court was properly constituted, whether it had jurisdiction of the person and subject matter, and whether the sentence was one authorized by law, civil courts are not deprived of jurisdiction to consider the severity of the sentence as contended by appellee. We have jurisdiction to determine whether the sentence is so severe as to offend against the constitutional prohibition against cruel and unusual punishment. We may examine a sentence to determine whether it is void because it violates this mandate of the constitution.[5]

While Article 22(a) grants navy courts martial jurisdiction to impose a maximum sentence of life imprisonment, it does not follow that a life sentence in every instance would be a valid sentence. The sentence in each instance must be commensurate with the crime, otherwise it would violate the constitutional prohibition against cruel and unusual punishment. Thus a sentence for an offense committed during time of war might well be greater than for the same offense committed during time of peace. This is recognized in the articles themselves. Article 63 provides that: Whenever by any of the Articles for the Government of the Navy of the United States, the punishment on conviction of an offense is left to the discretion of the court-martial, the punishment therefor shall not, in time of peace, be in excess of a limit which the President may prescribe." It thus is clear that Congress gave Navy courts martial greater latitude in imposing sentences during time of war than in time of peace.

This sentence was imposed in time of war. The accusations lodged against appellant, considered in toto or separately, were grave, and to say the least, tended to the destruction of good morals in the navy. Considered in its setting and under all the circumstances of the case, we cannot say as a matter of law that the sentence in question was so severe as to violate the constitutional prohibition against cruel and unusual punishment.

 Finally it is contended that the sentence which was imposed did not provide for service thereof in a penitentiary type institution. The sentence sentenced him "to be confined for the period of his natural life and to suffer all the other accessories of said sentence." Section 622, Naval Courts and Boards, defines "other accessories of said sentence" to include hard labor while confined pursuant to such sentence. Hard labor is an element of a penitentiary sentence. It is enough to say that if courts martial, under Article 22(a) have jurisdiction to impose sentences up to life imprisonment, they have jurisdiction to impose sentences at hard labor and that this carries with it authority to require the service thereof in penitentiary type institutions.

Affirmed.

5. Benjamin v. Hunter, 10 Cir., 169 F.2d 512.