**Dan Martin SAM, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 9472.**

United States Court of Appeals
Tenth Circuit.

Nov. 15, 1967.

Louis Parkinson, Englewood, Colo., for appellant.

John A. Babington, Asst. U. S. Atty. (John Quinn, U. S. Atty., with him on the brief), for appellee.

Before JONES*, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was indicted and convicted of rape of another Indian within Indian country under 18 U.S.C. § 1153, sentenced to twenty years' imprisonment, and has taken this appeal.

The main point relied on for reversal is that the trial court erred in refusing to postpone or grant a continuance for the purpose of allowing appellant to secure counsel of his own choice.

The events leading up to the trial court's ruling must first be related. The alleged crime occurred on or about September 15, 1966. Appellant's trial attorney was appointed on September 30, 1966, and appellant was later released to his stepfather's custody. On December 23, 1966, appellant was arraigned, and he entered a plea of not guilty. He was released on his own recognizance. The case was set for trial on Monday, January 30, 1967. On January 31, 1967, the day after trial was set, appellant appeared in person with his appointed attorney, who stated to the court that the appellant had informed him that appellant was dissatisfied with his services, that appellant wished to retain an attorney of his own choice, and that he wanted the case referred to the Tribal Court. The trial court refused the requests.

Appellant here argues he was denied rights secured to him by the sixth amendment to the United States Constitution. For his contention, appellant places his reliance on Walker v. State, 194 Ga. 727, 22 S.E.2d 462 (1942), where a similar request was refused. However in the cited case the defendant was held virtually incommunicado, with the exception that the court appointed attorneys were allowed to see him on two occasions. These attorneys conferred with him briefly some time after he was arrested. Very little appears as to what was discussed except that Walker was told that they were appointed by the court to represent him. The attorneys did not see Walker again until the day before trial. The Georgia Supreme Court reversed the conviction on the ground that it was error in effect to deprive Walker of use of normal facilities and resources to procure counsel of his own choice.

There are no facts before us to indicate that appellant was denied the normal facilities and resources to secure counsel of his own choice. Counsel was appointed on the request of appellant by the court after he had shown that he had no job, had no cash on hand, and that the house he owned was occupied by his six dependents. The record also shows that appellant was released into custody of his stepfather which negates any argument that he was denied the advice and counsel of his relatives during the critical period.

Appellant urges that a language problem with appointed counsel was the main factor for wanting new counsel, preferably one obtained through the Navajo Legal Aid Service in Window Rock, Arizona. However, appellant had made no complaint to the court or to his attorney during the four months preceding trial that there was a communication problem with the attorney. Only on the day after the case was called for trial was appellant heard to complain. It appears that appellant's principal aim was to secure a transfer of the case to the Navajo Tribal Court; however, the case was beyond the jurisdiction of the Tribal Court. (18 U.S.C. § 1153). Further, the Navajo Legal Aid had no attorneys practicing in the District Court for New Mexico. Any

---

* Of the Fifth Circuit, by designation.

substitute counsel would have been from the federal court bar in Albuquerque. There was no evidence that any other Albuquerque attorney who might be appointed could serve any better. A motion for continuance to obtain other counsel is addressed to the discretion of the trial court whose action thereon is not subject to review unless the discretion is abused. Leino v. United States, 338 F.2d 154 (10th Cir. 1964). A continuance would have been mere delay and the court properly declined to consider a substitution. Leino v. United States, supra.

 Appellant's second point is that the portion of 18 U.S.C. § 1153, the violation under which appellant was convicted, that provides for imprisonment "at the discretion of the court" constitutes an attempt to delegate legislative power to a judicial body contrary to article I, section 1 of the United States Constitution. He relies on Andreas v. Clark, 71 F.2d 908 (9th Cir. 1934), where, as here, the defendant was indicted and adjudged guilty of rape in violation of 18 U.S.C. § 1153, and the district court sentenced him to five years' confinement. Appellant's argument is that *Andreas* only stands for the proposition that such unlimited discretion in sentencing by the trial court is confined to statutes where the grant of such discretionary power was in the nature of amelioration of a more severe punishment. From this proposition he argues that the present statute is not an amelioration of the previous statute; therefore the grant to the trial court of such discretionary power is violative of the constitutional section mentioned above.

Appellant misconceives the use of the term "amelioration" as used by the court in *Andreas*. It is clear that the court in *Andreas* only used the term in connection with defining the limits of the power given to the court. The general statute sets the limits or the maximum for which the defendant could have been sentenced. The trial court may sentence the maximum which is a life sentence, or it could further ameliorate the life sentence in its discretion. The con-

stitutionality of a particular statute is not questioned merely because it does not expressly limit and fix the maximum penalty which may be imposed. It is valid if the maximum penalty is fixed by relation to a general or related statute. The present general or related statute is 18 U.S.C. § 2031 which fixes confinement for life as the penalty for rape. The provision authorizing the district court to imprison must be read in conjunction with the provision of the Act which it modifies, namely, life imprisonment. Since the sentence is clearly within the maximum allowable, the appellant is not deprived of his liberty without due process of law. See Powers v. Hunter, 178 F.2d 141, 15 A.L.R.2d 381 (10th Cir. 1949); Waley v. Johnston, 112 F.2d 749 (9th Cir. 1940).

The appellant also contends that the twenty-year sentence constituted cruel and unusual punishment. The sentence is within the statutory limit and will not be disturbed. Jordan v. United States, 370 F.2d 126 (10th Cir. 1966).

Affirmed.