## *In re* VIDAL.

### ORIGINAL.

No Number. Submitted April 23, 1900.—Decided November 12, 1900.

Section 716, Rev. Stat., does not empower this Court to review the proceedings of military tribunals by certiorari.

The act of April 12, 1900, c. 191, having discontinued the tribunal established under that act, and created a successor, authorized to take possession of its records and to take jurisdiction of all cases and proceedings pending therein, this Court has no jurisdiction to review its proceedings.

Such tribunals are not courts with jurisdiction in law or equity, within the meaning of those terms as used in Article Three of the Constitution.

*Mr. Frederic D. McKenney, Mr. Francis H. Dexter* and *Mr. Wayne Mac Veagh* for petitioners.

*Mr. Solicitor General* for the United States.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an application for leave to file a petition for certiorari to review the proceedings of a tribunal established by a General Order, numbered 88, of Brigadier-General Davis, of the United States Army, then commanding the department of Porto Rico and the supreme military authority in that island, in the nature of a *quo warranto* to oust Vidal and others from

the municipal offices of the town of Guayama. The application was submitted April 23, 1900, and, as usual, time was given for a brief in opposition, which was presented April 30.

Section 716 of the Revised Statutes brought forward from section 14 of the Judiciary Act of 1789, provides: "The Supreme Court and the Circuit and District Courts shall have power to issue writs of *scire facias.* They shall also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

This court is not thereby empowered to review the proceedings of military tribunals by certiorari. Nor are such tribunals courts with jurisdiction in law or equity within the meaning of those terms as used in the third Article of the Constitution, and the question of the issue of the writ of certiorari in the exercise of inherent general power cannot arise in respect of them.

By act of Congress of April 12, 1900, 31 Stat. 77, c. 191, taking effect by its terms on the first of May, the tribunal in question was, as the act states, discontinued, and a United States District Court established as its successor, authorized to take possession of its records and to take jurisdiction of all cases and proceedings pending therein.

The result is, from either point of view, that this application cannot be entertained.

*Leave denied.*