## WAITE v. OVERLADE.
### No. 9362.

Circuit Court of Appeals, Seventh Circuit.
Dec. 19, 1947.

Rehearing Denied Jan. 10, 1948.

Gilbert W. Gambill, Benjamin G. Cox, Gambill, Dudley, Cox & Crawford, and Eaton J. Dudley, all of Terre Haute, Ind., for appellant.

Lt. Col. Nicholas R. Voorhis, of Washington, D. C., Office of Judge Advocate General, B. Howard Caughran, U. S. Atty., of Indianapolis, Ind., and Thayer Chapman, Major, J A G D, Judge Advocate General's Office, of Washington, D. C., for appellee.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellant filed his petition for writ of habeas corpus to secure his release from prison where he is serving a sentence of ten years' imprisonment on conviction by a court-martial of the charge of rape. The District Court, after hearing his testimony and that of respondent, and considering the record of the court-martial proceedings

and other exhibits introduced in evidence, rendered special findings of fact and conclusions of law and entered his judgment discharging the writ and remanding appellant to the custody of respondent. From that judgment the appeal is prosecuted.

The District Court found that appellant was confined by virtue of the order of a General Court-Martial duly appointed by the Commanding Officer of the Western Base Section of the Services of Supply of the European Theater of Operations, United States Army, for the trial of such persons as might properly be brought before it; that on August 3, 1943, appellant, then a member of a replacement unit stationed in Lancashire, England, was arrested on charges of rape, and, thereafter, written charges were preferred against him for violation of the 92nd Article of War, which charges were duly investigated and referred to the General Court-Martial duly convened at Seaforth Barracks, Lancashire, England; that a trial of the charges was had on August 26 and 27, conducted in all respects in compliance with the Articles of War and the Manual for Courts-Martial; that appellant was represented by counsel duly appointed for that purpose, and that he and his counsel had a true copy of the charges against him nine days before commencement of the trial; that thereafter, the court, by secret ballot, found appellant guilty and sentenced him to dishonorable discharge, loss of pay, and confinement at hard labor for life.[1] The court further found that after the trial, the Commanding General in his capacity as reviewing authority, approved the sentence but reduced the period of confinement to twenty years; that thereafter, the Board of Review established for the Branch Office of the Judge Advocate General for the European Theater duly reviewed the proceedings and concluded that the record of the trial was legally sufficient to support the finding of guilty and the sentence as modified by the reviewing authority, as established in compliance with Article of War 50½, 10 U.S.C.A. § 1522; and that the sentence was again reduced by the Secretary of War by direction of the President to 15 years.[2] The court further found that the trial was conducted as a judicial investigation to determine the guilt or innocence of petitioner, and that his rights and defense were actively asserted. It therefore concluded that appellant's confinement was legal, and that he was not entitled to be released therefrom.

On appeal appellant asserts that the court-martial was without jurisdiction to try him because proper procedures had not been followed with respect to pre-trial investigation, and that the alleged failure to comply with statutory requirements as to the constitution of the court-martial and conduct of the trial render the judgment of the court invalid.

The questions presented by petition to a civil court for inquiry into the judgment of a court-martial have been frequently stated: " * * * 'Did the court-martial which tried and condemned the prisoner have jurisdiction, of his person, and of the offense charged, and was the sentence imposed within the scope of its lawful powers?' 'The single inquiry, the test, is jurisdiction. That being established, the habeas corpus must be denied and the petitioner remanded. That wanting, it must be sustained and the petitioner discharged.' * * * But, the court-martial being a special statutory tribunal, with limited powers, its judgment is open to collateral attack, and unless facts essential to sustain its jurisdiction appear, it must be held not to exist." Collins v. McDonald, 258 U.S. 416, 42 S.Ct. 326, 327, 66 L. Ed. 692.

These principles were most recently reiterated in the case, In re Yamashita, 327 U.S. 1, 66 S.Ct. 340, 344, 90 L.Ed. 499, where the Court said: "We also emphasized in Ex parte Quirin, as we do here, that on application for habeas corpus we are not concerned with the guilt or innocence of the petitioners. We consider here

---

[1] A.W. 92, under which appellant was charged, 10 U.S.C.A. § 1564, provides that any person subject to military law who commits murder or rape shall suffer death or imprisonment for life, as a court-martial may direct.

[2] Appellant states in his brief that since he perfected his appeal the sentence has been further reduced to ten years.

only the lawful power of the commission to try the petitioner for the offense charged. * * * It must be recognized throughout that the military tribunals which Congress has sanctioned by the Articles of War are not courts whose rulings and judgments are made subject to review by this Court. * * * Correction of their errors of decision is not for the courts but for the military authorities which are alone authorized to review their decisions." [3]

The record on this appeal establishes that appellant was, at the time of the offense charged, subject to military law and to trial for that offense by a general court-martial. Hence, if properly constituted, there is no question as to the jurisdiction of the court of his person and of the offense. In his petition for a writ of habeas corpus, appellant challenged the legality of the court which tried him, alleging that the record showed that its appointment was by an officer without authority to make the appointment of a court-martial. We find nothing of record to sustain this allegation. The record contains photostats of certified copies of the orders appointing the court and referring the charges against appellant to it. We find no irregularity in these orders and agree with the finding of the District Court that the court-martial was properly constituted, and its members duly qualified to sit thereon.

Appellant, however, contends that the court's failure to follow procedures prescribed by the Articles of War for the conduct of trials constituted such a violation of his fundamental rights as to deprive it of all jurisdiction to render judgment against him, hence that the judgment here sought to be reviewed is a void one. He strongly relies on Hicks v. Hiatt, D.C., 64 F.Supp. 238.[4] We cannot agree. Appellant has already had the full benefit of review by duly constituted authorities who have, successively, reduced his sentence from life imprisonment to twenty, to fifteen, to ten years. Our own scrutiny of the record of his trial convinces us that there was ample evidence upon which a finding of guilt could be based, and that that evidence was very carefully analyzed by the reviewing authorities who considered it, along with appellant's record of eight other infractions of the military law of varying degrees of severity, in reaching their decision to approve the sentence with reduction in the term of imprisonment. If there was any relaxation of pretrial investigation requirements not waived by appellant (and we are not convinced that there was), it certainly was not of a nature seriously to impair any of his fundamental constitutional rights. Nor can we agree with appellant that his representation by counsel was so inadequate as to violate his rights. The record shows that the counsel duly appointed to represent appellant participated diligently and intelligently in the proceedings. We have already indicated that we find no error in the procedures or the conclusions of the reviewing authorities. We agree with appellee that no denial of due process appears on the facts of this case.

Judgment affirmed.

[3] The Court here cited the following cases in support of its rulings, thus indicating no intention to deviate from the rather strict limitations imposed by these early cases raising the same issues: Ex parte Vallandigham, 1 Wall. 243, 17 L.Ed. 589; In re Vidal, 179 U.S. 126, 21 S. Ct. 48, 45 L.Ed. 118; Dynes v. Hoover, 20 How. 65, 15 L.Ed. 838; Runkle v. United States, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236.

[4] In this case, Judge Biggs of the Third Circuit considered the totality of errors permeating the entire court-martial proceedings from pre-trial to review of so serious a nature as to constitute lack of due process and entitle the accused to release by civil court on habeas corpus proceedings, a conclusion previously reached by the proper military reviewing authorities which had already, four days before the announcement of Judge Biggs' opinion, vacated the original court-martial sentence and restored the accused to duty. For excellent discussions of this case, see Notes in 13 Univ. of Chicago L. R. 494 (June 1946), and 41 Ill. L. R. 260 (July-August 1946).