**WRUBLEWSKI v. McINERNEY, Commanding Officer of United States Naval Receiving Station, et al.**

No. 11682.

Circuit Court of Appeals, Ninth Circuit.

Feb. 25, 1948.

Edwin S. Wilson, of San Francisco Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, HEALY, and ORR, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from a judgment dismissing for insufficiency a petition for release on habeas corpus. The case presents a claim of double jeopardy growing out of two successive trials of appellant before a naval general court-martial.

So far as material to the inquiry, the petition shows the following facts. Petitioner, who is or was an ensign in the Navy, was tried in 1944 before a naval court-martial on charges of murder and assault with intent to commit murder at a naval air station in the Territory of Hawaii. The murder charge was for the felonious killing with malice aforethought of an officer named Travis. The charge of assault with intent to commit murder contained three specifications, the first alleging an assault with a revolver with intent to kill Travis, the second and third like assaults with intent to kill two other officers, Nason and Osborne. The several charges appear to have involved a single incident in the course of which Travis was shot to death. Petitioner was found guilty of murder and was acquitted of the other charges.

· Subsequently it was determined by the Judge Advocate General's Office that the conviction was void for lack of jurisdic-

tion in the court to try the murder charge, the offense having been committed within the territorial limits of the United States.[1] New charges for the slaying of Travis were subsequently preferred before another court-martial, namely, voluntary manslaughter and involuntary manslaughter. Upon the trial petitioner interposed a plea in bar on the ground that he had once been acquitted by a duly constituted court of assault with intent to murder Travis. This crime, so the plea asserted, was a lesser offense included in manslaughter, hence acquittal of the lesser crime barred a subsequent prosecution for the greater. The plea was denied and on the trial petitioner was convicted of voluntary manslaughter and sentenced to serve a term of five years.[2] Because of the alleged former jeopardy he claims that the naval court lacked jurisdiction to try him for manslaughter, hence he is entitled to the writ, cf. Waite v. Overlade, 7 Cir., 164 F.2d 722, and cases cited.

The district court thought it unnecessary to decide the issue of double jeopardy since it was of opinion that the specific guaranties of the Fifth Amendment may not be invoked in cases arising in the land or naval forces of the United States, citing Ex parte Quirin, 317 U.S. 1, 43, 63 S.Ct. 2, 87 L.Ed. 3; Ex parte Milligan, 4 Wall. 2, 123, 71 U.S. 2, 123, 18 L.Ed. 281, and a few other cases.[3] Contrariwise, we assume for the purpose of decision that the petitioner is entitled to the protection of the Amendment's guaranty against being twice put in jeopardy for the same offense. On that assumption we consider whether he has in truth been exposed to double jeopardy.

█ It is not now seriously urged, as it appears to have been before the naval court, that an assault with intent to commit murder is an ingredient of manslaughter. Such contention could not successfully be maintained. At common law as by the statutes generally, including the federal statute, Criminal Code § 274, 18 U.S.C.A. § 453, manslaughter is defined as the unlawful killing of a human being without malice.[4] It is immaterial that an identical factual situation was involved in both cases. Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489.

Petitioner's argument here is considerably more complex. It proceeds substantially on the following premise. Simple assault is an element common both to manslaughter and assault with intent to commit murder. On the original trial, while the court was without jurisdiction of the murder charge, it did have jurisdiction of the charge of assault with intent to commit murder, and of this charge petitioner was acquitted. The court could have reduced the more serious offense of which it had jurisdiction to that of simple assault but did not do so, hence petitioner was necessarily acquitted of simple assault also. The identical simple assault of which he was thus acquitted was retried to his prejudice when he was tried for manslaughter.[5]

---

[1] Consult Articles for the Government of the Navy, 34 U.S.C.A. § 1200, Article 6. This provides: "If any person belonging to any public vessel of the United States commits the crime of murder without the territorial jurisdiction thereof, he may be tried by court-martial and punished with death."

[2] The judgment was subsequently confirmed by the Judge Advocate General.

[3] None of the authorities to which our attention has been called directly supports the view taken below. In Ex parte Milligan, supra, the court said that the framers of the Constitution meant to limit the right to jury trial, as guaranteed in the Sixth Amendment, to those persons who, under the Fifth, could be held to answer for infamous crime only on presentment or indictment of a grand jury. In Ex parte Quirin, supra, the court rejected the contention, predicated on the Fifth and Sixth Amendments, that those charged with offenses against the laws of war must be proceeded against by indictment of a grand jury and are entitled to trial by jury. For other cases bearing more or less on the applicability of the Fifth Amendment in military or naval trials cf. United States v. Hiatt, 3 Cir., 141 F.2d 664; Waite v. Overlade, 7 Cir., 164 F.2d 722.

[4] The naval definition of manslaughter is taken directly from this provision of the Criminal Code. See § 119, Ch. II, p. 113, Naval Courts and Boards (1937).

[5] Appellant's main reliance is on Grafton v. United States, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084, 11 Ann.Cas. 640.

■ The argument sounds plausible but becomes wholly unconvincing when one recalls the realities of the situation. Since the naval court convicted petitioner of the murder of Travis it necessarily determined the fact to be that he assaulted his victim with intent to murder him. Its acquittal of the accused of the latter charge was so at war with its principal verdict that the acquittal can not possibly be regarded as anything other than a means of disposing of a charge which the completed murder had swallowed up and so rendered superfluous.

■ The constitutional guaranty against double jeopardy concerns itself with matters of substance, not with ingeniously assembled shadows. Petitioner has nothing of substance to complain of. He would appear to have emerged from this chapter of errors in a more favorable position than he would have been in had the errors not been committed.

Affirmed.