BENJAMIN v. HUNTER.

No. 3668.

Circuit Court of Appeals
Tenth Circuit.

Aug. 7, 1948.

Arthur Benjamin pro se.

Randolph Carpenter, U. S. Atty., and James W. Wallace, Asst. U. S. Atty., both of Topeka, Kan. (Nicholas R. Voorhis, and Thayer Chapman, both of Washington, D. C., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Arthur Benjamin, hereinafter referred to as petitioner, was a soldier in the military service of the United States. He was charged with violating the 58th, 69th, 93rd, and 96th Articles of War. 10 U.S.C.A. §§ 1530, 1541, 1565, 1568. Arraigned before a court-martial, he entered a plea of guilty to the charges of violating the 69th and the 96th Articles; entered a plea of not guilty to the charge of violating the 58th Article, but guilty of a violation of the 61st Article, 10 U.S.C.A. § 1533; and entered a plea of not guilty to the charge of violating the 93rd Article, but guilty of a lesser included offense under such Article. The court-martial found him guilty on all charges and sentenced him to confinement at hard labor for a period of fifteen years. The sentence was subsequently reduced to eight years. Petitioner was confined in the federal penitentiary at Leavenworth, Kansas, for service of the sentence. He instituted this proceeding in habeas corpus to effect his discharge from further detention. The warden responded; petitioner was produced in open court; after an extended hearing, issuance of the writ was denied, D.C., 75 F.Supp. 775; and petitioner appealed.

It is the well established rule of long standing that where the detention is by virtue of a sentence of a court-martial, the scope of inquiry in habeas corpus is limited to questions of jurisdiction of the court-martial, whether that court was properly constituted, whether it had jurisdiction of the person and subject-matter, and whether the sentence was one authorized by law. Ex parte Reed, 100 U.S. 13, 25 L.Ed. 538; Carter v. Roberts, 177 U.S. 496, 20 S.Ct. 713, 44 L.Ed. 861; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236; McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049; Collins v. McDonald, 258 U.S. 416, 42 S.Ct. 326, 66 L.Ed. 692. But a civil court has jurisdiction in a proceeding in habeas corpus to determine whether the sentence of

514

the court-martial was wanting in due process. Schita v. King, 8 Cir., 133 F.2d 283, certiorari denied Schita v. Pescor, 322 U.S. 761, 64 S.Ct. 1273, 88 L.Ed. 1589; Romero v. Squier, 9 Cir., 133 F.2d 528, certiorari denied 318 U.S. 785, 63 S.Ct. 982, 87 L.Ed. 1152; United States v. Hiatt, 3 Cir., 141 F.2d 664.

The validity of the sentence of the court-martial under which the warden detains petitioner is presently challenged on the single ground that it violates due process for the reason that the officer appointed to investigate the charges against petitioner was at the time of his appointment and at the time of the making of the investigation assistant trial judge advocate. Article of War 70, 10 U.S.C.A. § 1542, provides among other things that no charge will be referred for trial until after a thorough and impartial investigation thereof has been made. Taking into consideration the plain language and the intended purpose of the Article, it is clear that a preliminary investigation in substantial compliance with its requirement is essential to a valid conviction and sentence by a court-martial.

The argument advanced is that since the officer making the investigation then occupied the position of assistant trial judge advocate, he could not make an impartial investigation, within the intent and meaning of Article 70, supra. The charges were lodged against petitioner on June 18, 1943, and on the same day the officer was appointed to make the investigation. The investigation was made and the report submitted three days later; two days thereafter the court-martial was appointed for the trial of the charges; and the officer who had made the investigation was designated as assistant trial judge advocate of the court. On April 30, 1943, an order was entered appointing a general court-martial to convene on May 2, or as soon thereafter as might be practicable for the trial of such persons as might be brought before it, and the officer who subsequently made the investigation of the charges against petitioner was designated as assistant trial judge advocate of the court. But the record fails to show whether that court still existed or whether the officer was still assistant trial judge advocate of it at the time of the making of the investigation of the charges against petitioner. So far as the record shows, the court may have been dissolved by order, or it may otherwise have ceased to function, or the officer may have ceased to be assistant trial judge advocate of it, prior to the time of the investigation of the charges against petitioner. In any event, that court did not have anything to do with the charges against petitioner. Assuming that the court still existed, and assuming that the officer who made the investigation was still assistant trial judge advocate of it, though the record does not affirmatively show such facts, since the preliminary investigation of the charges against petitioner was made in substantial compliance with Article 70, supra, it cannot be said that the constitutional or fundamental rights of petitioner were invaded in such manner and to such extent that the sentence was void. Cf. Waite v. Overlade, 7 Cir., 164 F.2d 722, certiorari denied 68 S.Ct. 1017.

The judgment denying the petition for the writ is affirmed.