## LINER v. COZART, Warden.

### No. 12603.

United States Court of Appeals Fifth Circuit.

May 4, 1949.

Anthony A. May, of Atlanta, Ga., for appellant.

William P. Fonville, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before HUTCHESON, SIBLEY, and HOLMES, Circuit Judges.

PER CURIAM.

Bringing habeas corpus to obtain his release from imprisonment under a sentence imposed by a general court martial, petitioner put forward several grounds for release.

The district judge, after a full hearing in which the record was examined and the grounds canvassed, determined that none of them presented matters going to the jurisdiction of the court or entitling petitioner to release.

We agree. His main contention, that a pre-trial investigation under Article of War 70, 10 U.S.C.A. § 1542, is jurisdictional, and that there were defects in it which deprived the court of jurisdiction, have been examined and discussed by us in a similar situation in Jackson v. Hiatt, 5 Cir., 170 F.2d 630. What was said there applies fully here. We think it quite plain that the record on this appeal establishes that the appellant was at the time of the offense charged subject to military law and to trial for that offense by general court martial, that the court martial was properly constituted, and that the record raises no question as to the jurisdiction of the court of petitioner's person and of the offense. The judgment was right.[1a] It is affirmed.

---

[1] Owens v. United States, 5 Cir., 174 F. 2d 469; Ossenfort v. Pulaski, 5 Cir., 171 F.2d 246.

[1a] Waite v. Overlade, 7 Cir., 164 F.2d 722; Jackson v. Hiatt, supra; Henry v. Hodges, 2 Cir., 171 F.2d 401; Humphrey, Warden, v. Smith, 69 S.Ct. 830.