### STOCK v. DEPARTMENT OF THE AIR FORCE et al.

#### No. 6173.

United States Court of Appeals Fourth Circuit.

Argued Nov. 20, 1950.

Decided Dec. 28, 1950.

H. Guy Hardy, Cleveland, Ohio (William W. Koontz, Alexandria, Va., on the brief), for appellant.

Edward H. Hickey, Atty., Department of Justice, Washington, D. C. (Newell A. Clapp, Acting Asst. Atty. Gen., George R. Humrickhouse, U. S. Atty., Richmond, Va., Eugene T. Maher, Atty., Department of Justice, Washington, D. C., and Walter Kiechel, Jr., Major, USAF, Office of the Judge Advocate General, on the brief), for appellees.

Before PARKER, SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

Major Philip A. Stock, an officer in the United States Army Air Force in World War II sought an injunction restraining the execution of a court martial sentence that he be dismissed from the service and that he forfeit all pay and allowances to become due after the date of the order directing execution of the sentence. The application for a stay of execution of the sentence was grounded on the contention that a court martial sentence of dismissal from the Air Force does not become effective until confirmed by the President of the United States, whereas in this case the sentence of the court martial was confirmed by the Judicial Council of the Air Force. A temporary restraining order was granted by the District Judge upon the institution of the suit; but, after hearing, the suit was dismissed on the ground that it was a suit against the United States in that it was a suit against officers of the United States acting within the scope of their authority and upon the further ground, amongst others, that the District Court had no power to enjoin the executive in the administration of its duties.

The officer was charged with assault upon Japanese nationals with a dangerous weapon and tried by general court martial appointed by the commanding general of the Fifth Air Force at Tokyo, Japan. He was found guilty and sentenced to dismissal from the service, the forfeiture of all pay and allowances and confinement at hard labor for five years. Upon review by the appointing authority, the sentence of confinement was reduced to two years. The case was then reviewed by the Board of Review, Office of the Judge Advocate General United States Air Force, under the provisions of Article of War 50, 10 U.S.C. A. § 1521 (1949 Supp.), which held the record sufficient to support the findings and the sentence as modified. The Judicial Council of the Air Force then reviewed the case, modified the findings in certain respects and modified the sentence to provide for the forfeiture of all pay and allowances to become due after the date of the order directing execution of the sentence, and ordered the modified sentence executed upon the concurrence of the Judge Advocate General of the United States Air Force, pursuant to Articles of War 48 and 49, 10 U.S.C.A. §§ 1519, 1520. The Judge Advocate General concurred in this action and under the authority of Article of War 51, 10 U.S.C.A. § 1522, and by direction of the Secretary of the Air Force, remitted the unexecuted portion of the sentence relating to confinement. The final result was promulgated on April 24, 1950 by Department of the Air Force General Court Martial orders, which provided that the plaintiff should cease to be an officer at midnight, April 27, 1950. Notification of these orders was served on the plaintiff on April 25, 1950, and he received legal separation orders in the morning of April 27, 1950. The complaint and restraining order in the pending action were served on an officer in the Judge Advocate General's Department of the Air Force in the afternoon of that day.

■ Under these circumstances, we are of opinion that the decision of the District Court was correct and should be affirmed on the ground that it was beyond the power of the District Court to interfere with the proceedings or sentence of the court martial. In Wales v. Whitney, 114 U.S. 564, 570, 5 S.Ct. 1050, 1052, 29 L.Ed. 277, it was said: "But neither the supreme court of the district nor this court has any appellate jurisdiction over the naval court-martial, nor over offenses which such a court has power to try. Neither of these courts is authorized to interfere with it in the per-

formance of its duty, by way of a writ of prohibition or any order of that nature. The civil courts can relieve a person from imprisonment under order of such court only by writ of habeas corpus, and then only when it is made apparent that it proceeds without jurisdiction. If there is no restraint there is no right in the civil court to interfere. Its power, then, extends no further than to release the prisoner. It cannot remit a fine, or restore to an office, or reverse the judgment of the military court. Whatever effect the decision of the court may have on the proceedings, orders, or judgments of the military court, is incidental to the order releasing the prisoner. Of course, if there is no prisoner to release, if there is no custody to be discharged, if there is no such restraint as requires relief, then the civil court has no power to interfere with the military court or other tribunal over which it has by law no appellate jurisdiction."

Again In re Yamashita, 327 U.S. 1, 8, 66 S.Ct. 340, 344, 90 L.Ed. 499 it was said: " * * * In the present cases it must be recognized throughout that the military tribunals which Congress has sanctioned by the Articles of War are not courts whose rulings and judgments are made subject to review by this Court. See Ex parte Vallandigham, 1 Wall. 243, 17 L.Ed. 589; In re Vidal, 179 U.S. 126, 21 S.Ct. 48, 45 L.Ed. 118; cf. Ex parte Quirin, supra, 317 U.S. [1] 39, 63 S.Ct. [2] 16, 87 L.Ed. 3. They are tribunals whose determinations are reviewable by the military authorities either as provided in the military orders constituting such tribunals or as provided by the Articles of War. Congress conferred on the courts no power to review their determinations save only as it has granted judicial power 'to grant writs of habeas corpus for the purpose of an inquiry into the cause of the restraint of liberty.' 28 U.S.C. §§ 451, 452, 28 U.S.C.A. §§ 451, 452. The courts may inquire whether the detention complained of is within the authority of those detaining the petitioner. If the military tribunals have lawful authority to hear, decide and condemn, their action is not subject to judicial review merely because they have made a wrong decision on disputed facts. Correction of their errors of decision is not for the courts but for the military authorities which are alone authorized to review their decisions." See also, Brown v. Royall, D.C.D.C., 81 F.Supp. 767.

The appellant, however, takes the position that a government officer who transcends the limits of his authority and inflicts injuries on property or individuals may be enjoined by the federal courts under the rule laid down in Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570, and Ainsworth v. Barn Ballroom Co., 4 Cir., 157 F.2d 97, and other cases; and it is contended that this rule is applicable here because the Judicial Council of the Air Force, in confirming the sentences of dismissal, undertook to exercise an authority which was lodged only in the President of the United States under the following statutes.

The Department of the Air Force and the United States Air Force were established by the National Security Act of July 26, 1947, 61 Stat. 495, 5 U.S.C.A. § 626. The Act of Congress of June 25, 1948, 62 Stat. 1014, 5 U.S.C.A. §§ 627j, 627k, 627l, set up a system for the administration of military justice in the new establishment and made the following express provision in Section 627k: "The Articles of War and all other laws *now in effect* relating to the Judge Advocate General's Department, the Judge Advocate General of the Army, and the administration of military justice within the United States Army shall be applicable to the Department of the Air Force with respect to the personnel thereof, and all references in such laws to the Department of the Army (War), the Army of the United States and its components, the Secretary of the Army (War), the Judge Advocate General, Assistants Judge Advocate General, and officers of or assigned to the Judge Advocate General's Department shall be construed for the purposes of sections 627j–627l of this title, as referring to, and vesting like authority, duties, functions, and responsibilities in, the Department of the Air Force, the Air Force of the United States and its components, the Secretary of the Air Force, the Judge Advocate General,

United States Air Force, and officers of the United States Air Force designated by the· Chief of Staff, United States Air Force, as judge advocates, respectively". (Italics supplied.)

Article of War 48, 10 U.S.C.A. § 1519 then contained the following provision: "In addition to the approval required by article 46, confirmation by the President is required in the following cases before the sentence of a court-martial is carried into execution, namely: * * * (b) any sentence extending to the dismissal of an officer * * *."

It should be borne in mind in considering this argument that infirmity is charged as to this one step only in the court martial procedure, and there is no contention that any of the preceding steps was beyond the power of the participating officers. But even if it be assumed, that failure to secure confirmation of the sentence in accordance with law would bring the case within the rule of Philadelphia Co. v. Stimson, supra, nevertheless the appeal must fail because in our·opinion the confirmation of the sentence was in strict accordance with the applicable law. Prior to the enactment of the Act of June 25, 1948, the Articles of War 48 and 50 were amended by Title II of the Selective Service Act of 1948, C. 625, 62 Stat. 604, 627, 635, which was approved by the President on June 24, 1948. These amendments provided for the constitution of a Judicial Council in the Judge Advocate General's Department and empowered the Council to confirm court martial sentences involving the dismissal of an officer other than a general officer. The pertinent parts of the statutes are set out in the margin.[1]

It will be thus seen that prior to the effective date of the Act of June 25, 1948,

setting up a system of military justice for the Air Force, Congress had determined, in respect to court martials in the Army, that the power of confirmation of a sentence of dismissal of an officer other than a general officer should be lodged in the Judicial Council with the concurrence of the Judge Advocate General, rather than in the President. The appellant, however, points out that Section 244 of the Selective Service Act, 62 Stat. 642, 10 U.S.C.A. § 1472, note, provided that Title II thereof should become effective on the first day of the eighth month after its approval; and therefore the appellant contends that the amendments to the Articles of War contained in the Selective Service Act do not apply to the Air Force because they had not gone into effect when Congress, in passing the Act of June 25, 1948, used the words, "now in effect" in describing the Articles of War made applicable to the Department of the Air Force.

This argument seems to us so frail that it disappears upon the most casual examination. It presupposes that congress intended to confine the new Department of the Air Force to the old Articles of War indefinitely at the very time that it was making changes to improve the system with respect to other branches of the Service. It assumes that Congress, which had decided to set up a single system of military justice for all branches of the Service, intended thereafter to apply one system in the Air Force and another in other divisions of the service; and it fails to suggest any reason why this differentiation should be made, doubtless because no such reason can be imagined. We reject the argument be-·cause a statute should not be given a literal reading if the result would be so extraordinary that it cannot have been reasonably

---

1. Art. 48. "Confirmation. In addition to the approval required by article 47, confirmation is required as follows before the sentence of a court-martial may be carried into execution, namely: * * *

"(c) By the Judicial Council, with the concurrence of The Judge Advocate General, with respect to any sentence—
* * *

"(3) involving the dismissal of an officer other than a general officer," 10 U. S.C.A. § 1519.

Art. 50. "Appellate review—Board of review; judicial council

"(a) * * * He (The Judge Advocate General) shall also constitute, in his office, a Judicial Council composed of three general officers of the Judge Advocate General's Department". 10 U.S.C.A. § 1521.

972

intended by the legislature. U. S. v. Brown, 333 U.S. 18, 27, 68 S.Ct. 376, 92 L.Ed. 442; Chicago & Southern Air Lines, Inc., v. Waterman S. S. Corp., 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568; State of Md. v. U. S., 4 Cir., 165 F.2d 869, 1 A.L.R.2d 213.

That Congress had no such intention is clearly shown by the legislative history which may be properly considered in determining the Congressional purpose. U. S. v. United Mine Workers, 330 U.S. 258, 279-280, 67 S.Ct. 677, 91 L.Ed. 884. In the debate upon Title II of the Selective Service Act in the Senate the sponsors of the legislation stated unequivocally that the bill was intended to revise and modernize the court system in the Army and in the Air Force and that it was intended to cover both of these branches of the armed services. 94 Cong.Rec. 7754-6, 7761. The judgment of the District Court is

Affirmed.